## BERNARD MACKE v. HENRY ROLFE'S ADMX.

Partnership — Death of Partner — Inventory of Stock — Surviving Part-
· ner — Settlement of Partnership.

> Upon the death of one partner it is the duty of the survivor to cause
> a full and fair inventory of all the stock in trade to be made, by com-
> petent men, in a reasonable time thereafter, and to cause to be kept
> a fair and correct account of all transactions connected with the firm's
> business, from the death of his partner until the partnership is settled.

APPEAL FROM KENTON CIRCUIT COURT.

March· 7, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The difficulty in adjusting and settling the business of the late
firm of Rolfe & Macke has been magnified, if not wholly pro-
duced, by the failure of appellant, the surviving partner, to cause
a full and fair inventory of all the stock in trade and partner-
ship effects to be made out by competent men in convenient and
reasonable. time after the death of Rolfe, and to cause to be kept
a fair and correct account of all transactions connected with the
firm business, from the death of his partner until he sold out.

The failure of appellant to discharge a duty so obviously neces-
sary, and to present an exhibit with his answer of the whole busi-
ness of the firm, make it the more imperative on him to explain
by satisfactory evidence all he has done touching this business. ·

After a careful examination of the pleadings and proof, we are
satisfied that no injustice has been done appellant, · and the judg-
ment is, therefore, affirmed on the original appeal.

On the cross-appeal we have had more difficulty; it seems from
the proof that appellant should be charged, as was done by the
court below, with $1,300 as the price for which the stock and
effects pertaining to the mineral water brand of the firm were
sold, subject to the credits which were given. And although
Dressman proves that appellant told him that he had sold the ale
branch of the business to Thoss for $850, and that he himself
offered to take it at that price, still, in view of the other evidence

in the case of the actual value of that branch of the business, perhaps injustice might be done appellant to charge him more than he was charged by the court below, viz.: $550, subject to the credits allowed, making the balance of $554.25 due the appellee as adjudged, after deducting the $100 paid to her and $50 paid to Myres, which intestate owed him at his death. And thus far the judgment so far is approved on the cross-appeal. But it appears to us that it was prejudicial to cross-appellant in omitting to charge appellant for sales made by him from the death of his partner until the business was closed by a sale in cross of the stock, etc. Wanzel proves that the business was, in fact, suspended but two days by the death of Rolfe, and after the expiration of two days on that occasion, appellant resumed the business, and continued making his daily sales as before until witness purchased him out. Whatever stock of the firm was then on hand we must assume was consumed in manufacturing the articles for sale; the house was rented by the firm in which the business was conducted, and appellant lived in a part of it. The book of sales or cash-book of said firm is in the record, and by the agreement of the parties is to be considered as part thereof; that book shows the amount of sales up to the 24th of September, 1864, the day most likely on which Rolfe died. Why a daily account of sales was not continued after that period until the business was closed out is not shown, and no account of these sales was taken by the court below. The book of sales will furnish some criterion in the absence of other proof of a more satisfactory character by which to be guided in making up the account of sales from the death of Rolfe to the sale to Wanzel & Thoss; appellee was certainly entitled to something for the use of materials, the machinery, wagons, etc., if for nothing else, during this period. But as appellant continued the business from the death of his partner until some time in January following, an account for that time should have been taken.

Wherefore, the judgment is reversed on the cross-appeal, and the cause remanded with directions to refer the case to a master to take proof, and to make out an account of sales after the death of Rolfe, the material belonging to the firm then on hand, what was paid out to keep up the stock, and also allow appellant a reasonable compensation for an expenditure of money for extra labor in conducting the business caused by the death of Rolfe, if any such

expenditure was made, and report to the court, and for further proceedings consistent with this opinion.

*Carlisle,* for Appellant.

*Hawkins,* for Appellee.